TO BE PUBLISHED

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$

## 2016-SC-000082-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                              IN SUPREME COURT

JEFFREY OWENS MOORE                                    RESPONDENT

## OPINION AND ORDER

The Inquiry Commission of the Kentucky Bar Association (KBA) filed a charge against Respondent, Jeffrey Owens Moore.[1] On December 2, 2015, the KBA served Moore with a copy of the charge via certified mail. Moore signed to receive the charge, but failed to respond.

Effective January 1, 2016, this Court amended SCR 3.380 to add:

(2) In cases in which the Respondent has failed to answer a charge filed pursuant to Rule 3.200, or having answered, has thereafter declined to participate in the disciplinary process the Court may in its discretion, sua sponte or on motion by the Office of Bar Counsel, suspend the Respondent from the practice of law for an indefinite period of time. Reinstatement following an indefinite suspension imposed under this Rule, may be initiated by motion of the Respondent accounting for the failure to respond and requesting a final determination of the matter, and shall be subject to the reinstatement requirements of SCR 3.510. If respondent fails to seek reinstatement within 5 years, Bar Counsel shall move for permanent disbarment.

---

[1] Moore's KBA number is 92333 and his bar roster address is 3265 Paris Pike, Mt. Sterling, Kentucky, 40353.

Therefore, in its discretion, this Court may indefinitely suspend an attorney who fails to answer a charge.

By Opinion and Order rendered June 16, 2016, this Court gave Moore an additional twenty days to respond since the charges to which he failed to respond pre-dated our amendment to SCR 3.380. We also ordered the KBA to supplement its original motion for suspension to provide more information on Moore's charges.

The day after the rendition of our Opinion and Order in the underlying case, the KBA adequately supplemented its motion. However, Moore still failed to respond to the charges.

ACCORDINGLY, IT IS ORDERED THAT:

1. Pursuant to SCR 3.380(2), Jeffrey Owens Moore is hereby indefinitely suspended from the practice of law in the Commonwealth of Kentucky.

2. As required by SCR 3.390, Moore, to the extent necessary given that he is currently suspended, will within 10 days after the issuance of this order of suspension notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Moore shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Moore shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

3. As stated in SCR 3.390(a), this order shall take effect on the tenth day following its entry. Moore is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not during the term of suspension accept new clients or collect unearned fees, and shall comply with the provisions of SCR 3.130–7.50(5).

All sitting. All concur.

ENTERED: August 25, 2016.

_____
CHIEF JUSTICE